Taylor W. Tondevold, Esq. (No. 032996)
TONDEVOLD LAW, PLC
4140 E. Baseline Road, Suite 101
Mesa, Arizona 85206
(480) 447-5357
taylor@tondevoldlaw.com
*Attorney for Plaintiff Nathan Dick,
individually and on behalf of himself
and all others similarly situated*

## THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| NATHAN DICK, individually and on behalf of himself and all other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VANTAGE RETIREMENT PLANS LLC, an Arizona limited liability company; and DOES 1-20, inclusive.<br><br>Defendants. | Case No.:<br><br>**CLASS COMPLAINT**<br><br>1. **Violation of the Stored Communications Act [18 U.S.C. §§ 2702, 2707]**<br>2. **Public Disclosure of Private Facts**<br>3. **Negligence**<br>4. **Breach of Contract**<br>5. **Injunctive Relief**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

1.  Plaintiff Nathan Dick brings this putative class action, on behalf of himself and a putative class comprised of approximately 400 customers of Vantage Retirement Plans, LLC (Vantage), a self-directed retirement plans company.

CLASS COMPLAINT - 1

2. This putative class action is based on Vantage's willful and intentional violations of the Stored Communications Act, 18 U.S.C. §§ 2702, 2707, in addition to other violations of State law.

3. On February 16, 2018, Vantage sent its customers an email regarding an annual valuation required for one of its IRA accounts. In this email, Vantage publicly revealed the email addresses of about 400 customers, violating their privacy rights and its own policies.

4. Instead of safeguarding the identities of its customers, Vantage carelessly provided the emails of 400 customers to the public, violating the trust placed in them.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over this class action pursuant to 28 U.S.C. § 1331 because the matter includes a federal claim for violation of the Stored Communications Act, 18 U.S.C. § 2702, 2707.

6. In addition, this Court has supplemental jurisdiction over Plaintiff's state statutory and common law claims under 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to Plaintiff and Class and/or Collective Action Members' claims occurred in the District of Arizona as Defendant: (a) is licensed and authorized to conduct business in this District and has intentionally availed itself to the laws and markets within this District through the promotion, marketing, and performance

of services in this District: (b) is an Arizona limited liability corporation; (c) currently does substantial business in this District; and (d) is subject to personal jurisdiction in this District.

## PARTIES

8. At all relevant times Nathan Dick was a resident of Maricopa County, Arizona, and a citizen of Arizona. Plaintiff, on behalf of himself and the putative National class, and Arizona sub-class, (the "Class Members") brings this action against Vantage.

9. Defendant Vantage is an Arizona limited liability company with its principal place of business in Phoenix, Arizona.

10. Each of the DOES 1-20 is the agent, servant, partner, joint-venturer, co-venturer, media partner, principal, director, officer, manager, employee, or shareholder of one or more of its co-defendant(s) who aided, abetted, controlled, and directed or conspired with and acted in furtherance of said conspiracy with one or more of its co-defendant(s) in said co-defendant(s) performance of the acts and omissions described below. Plaintiff sues each of these Doe Defendants by these fictitious names because Plaintiff does not know these Defendants' true names and capacities. Despite reasonable efforts, Plaintiff has not been able to ascertain the identity of DOES 1-20.

11. Plaintiff further alleges that each Defendant is directly liable and/or vicariously, jointly and severally liable for the violations complained of herein.

12. Upon information and belief, Vantage's conduct has directly affected approximately 400 of its customers, to whom Vantage owes a legal duty of care and to whom Vantage is directly responsible for damages for the violation of their privacy.

## FACTUAL ALLEGATIONS

14. Vantage is a retirement plan administration company that specializes in self-directed IRAs. It provides its customers the ability to invest retirement funds outside of the stock market.

15. Vantage works with individuals and small business owners who wish to include non-traditional assets such as private companies, real estate, precious metals and private lending as part of their retirement diversification strategy. Vantage serves more than 6,500 clients while administering over $600 million in retirement assets.

16. Vantage collects <u>non-public</u> information about its customers. On a page called "Privacy Policies" on its website, Vantage declares that "the <u>non-public</u> personal information includes name, postal address, e-mail address, social security number, assets, income, account balances, and account histories.

17. Vantage's website also states:

> We may disclose some of the information described above, such as your name and address, to companies that perform marketing and other services on our behalf (e.g., to companies that assist us with mailings).
> We may disclose information about you, your accounts, and your transactions: (a) where it is necessary or helpful to effect, process, or confirm your transactions; (b) to verify the existence, history, and condition of your account for credit reporting agencies; (c) to comply with legal process, such as subpoenas and court orders; (d) to law enforcement authorities if we

believe a crime has been committed; (e) if you give us your consent; and (f) as otherwise permitted by law.

**We do not disclose nonpublic personal information about our current or former customers to others, except as set forth in this policy**. If you decide to close your account(s) or become an inactive customer, we will adhere to the privacy policies and practices as described in this notice.

18. On February 16, 2018, Vantage sent an email (the "February 16 Email") out to its customers regarding an annual valuation required for one of its IRA accounts.

19. Instead of blindly copying the email recipients of the February 16 Email, Vantage exposed the email addresses of nearly 400 customers. Each email recipient was able to see the email address of all the other recipients and know that they are one of Vantage's customers.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this class action on behalf of himself and all others similarly situated as Class Members pursuant to Rule 23 or the Federal Rules of Civil Procedure.

21. The proposed class that Plaintiff seeks to represent for the class action is composed of: Individuals who are customers of Vantage and whose identities were revealed by Vantage's February 16 Email.

22. Plaintiff also seeks to represent a proposed subclass (the "Arizona Subclass") that is composed of: Individuals residing in Arizona who are customers of Vantage and whose identities were revealed by Vantage's February 16 Email.

23. Plaintiff is a member of the putative class that he seeks to represent. Plaintiff is a United States resident, also residing in Arizona, and is a customer of Vantage.

24. The definition of the putative classes is narrowly tailored so as to include only those identifiable members whose emails were revealed in Vantage's February 16 Email.

25. The proposed classes are so numerous that the individual joinder of all its members, in this or any action, is impracticable. The exact number or identification of the members of the putative classes are presently unknown to Plaintiff, but it is believed to compromise approximately 400 individuals worldwide, thereby making joinder impractical.

26. Common questions of fact and law exist as to all Class Members and predominate over questions affecting only individual members. These include, but are not limited to, the following:

   a. Whether Vantage owed a duty to keep the email addresses of its customers private.

   b. Whether Vantage knowingly revealed the email addresses of its members in its February 16 Email.

   c. Whether Vantage negligently revealed the email addresses of its members in its February 16 Email.

   d. Whether Vantage violated its own guidelines when it revealed the email addresses of its members in the February 16 Email.

  e. Whether Vantage agreed to keep the identifying information of its members confidential as inducement for the members to enter into a contract with Vantage for services.

  f. Whether Plaintiff and the class members are entitled to an injunction, damages, restitution, equitable relief and other relief deemed appropriate and the amount and nature of such relief.

27. Plaintiff's claims are typical of the claims of the putative class members. Plaintiff and all putative class members had their personal email addresses publicly disclosed without their consent, subjecting them a loss of privacy relating to their personal retirement and financial accounts.

28. The factual bases of Defendant's misconduct are common to the putative class members and represent a common failure to safeguard the personal information of members who had been assured of Vantage's privacy policy. Plaintiff is asserting the same rights, making the same claims, and seeking the same relief for himself and all other putative class members. The central question of whether Defendant willfully or negligently, in breach of contract and federal and state law revealed the personal information of its members predominates over all other questions, legal and factual in this litigation.

29. Plaintiff is an adequate representative of the proposed class because he is a putative class member and does not have interests that conflict with those of the other putative class members he seeks to represent. Plaintiff is represented by experienced and

able counsel, who has litigated numerous lawsuits, and Plaintiff's Counsel intends to prosecute this action vigorously for the benefit of the proposed class. Plaintiff and his Counsel will fairly and adequately protect the interests of the class members.

30. A class action is the superior available method for the efficient adjudication of this litigation because:

   a. The prosecution of separate actions by individual members of the Class would create a foreseeable risk of inconsistent or varying adjudications which would establish incompatible results and standards for Defendant;

   b. Adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their own separate interests;

   c. Class action treatment avoids the waste and duplication inherent in potentially hundreds of individual actions, and conserves the resources of the courts; and

   d. The claims of the individual class members are relatively small compared to the burden and expense it would be required to individually litigate their claims against Defendant, so it would be impracticable for the members of the Class to individually seek redress for Defendant's wrongful conduct. Even if the members of the Class could afford individual litigation, the court system could not. Individualized litigation creates a potential for

inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system.  By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

31. A class action for injunctive and equitable relief pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate.  Defendant acted or refused to act on grounds generally applicable to the Class thereby making appropriate final injunctive and equitable relief with respect to the Class as a whole.  Defendant's actions are generally applicable to the Class as a whole, and Plaintiff, on behalf of the Class, seeks damages and injunctive relief described herein.  Moreover, Defendant's policy and practices make declaratory relief with respect to the Class as a whole appropriate.

## FIRST CAUSE OF ACTION

**Violation of the Federal Stored Communications Act, 18 U.S.C. §§ 2702, 2707**

**(On Behalf of the National Class or, alternatively, the Arizona Putative Subclass)**

32. Plaintiff, individually, and on behalf of all others similarly situated, restates each and every paragraph of this Complaint as if fully rewritten herein.

33. The Stored Communications Act ("SCA") contains provisions that provide consumers with redress if a company mishandles their electronically stored information. The SCA is meant to protect individuals' privacy interests in personal and proprietary information.

34. Section 2702(a)(1) of the SCA provides that "a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service." 18 U.S.C. § 2702(a)(1).

35. The SCA states that "electronic communication service" means "any service which provides to users thereof the ability to send or receive wire or electronic communications." 18 U.S.C. § 2510(15).

36. Defendant provides an electronic communication service because it communicates with its customers by sending and receiving electronic communications regarding Defendant's services.

37. By failing to take commercially reasonable steps to safeguard sensitive personal contact information, Defendant has knowingly divulged private information that was communicated to Defendant on condition that the information be kept strictly confidential.

38. By revealing Plaintiff's personal contact information Defendant has violated Plaintiff's right to privacy and knowingly divulged the contents of Plaintiff's communications.

39. Specifically, by revealing Plaintiff's identifying information, Defendant has publicly announced him as a customer of Vantage without his consent.

40. Plaintiff and the putative class members have suffered general and special damages including but not limited to harm to their interest of privacy, mental distress in

the form of severe anxiety and fear for the security of their personal finances and personal information, and attorneys' fees and the costs of brining this suit. Those injuries were caused by Defendant's February 16, 2018 public announcement of Plaintiff and the putative class members.

## SECOND CAUSE OF ACTION

### Public Disclosure of Private Facts

**(On Behalf of the National Class or, alternatively, the Arizona Putative Subclass)**

41.     Plaintiff, individually, and on behalf of all others similarly situated, restates each and every paragraph of this Complaint as if fully rewritten herein.

42.     By sending the February 16 Email, Defendant knowingly revealed the personal identifying information of 400 of its customers, effectively outing them as customers of Vantage and depriving them of their right to financial privacy.

43.      Plaintiff and the putative class members' email addresses are confidential and private, as stated in Defendant's privacy policy.  By revealing the foregoing Defendant violated Plaintiff's and the putative class members' right to privacy and exposed them to potential security issues relating to their non-public personal information.

44.     Plaintiff and the putative class members' email addresses and the fact of their relationship with Defendant are not legitimate public concerns.

45.     Plaintiff and the putative class members have suffered general and special damages including but not limited to harm to their interest of privacy, mental distress in the form of severe anxiety and fear for the security of their personal finances and personal

information, and attorneys' fees and the costs of brining this suit. Those injuries were caused by Defendant's February 16, 2018 public announcement of Plaintiff and the putative class members.

## THIRD CAUSE OF ACTION

### Negligence

**(On Behalf of the National Class, or alternatively, the Arizona Putative Subclass)**

46. Plaintiff, individually, and on behalf of all others similarly situated, restates each and every paragraph of this Complaint as if fully rewritten herein.

47. By sharing Plaintiff and the putative class members as customers of Vantage, Defendant breached the duty of care it owed them. Defendant knew or should have known that by making Plaintiff's contact information public, it was opening them up to privacy issues in violation of federal law, state law, and its own terms of use. However, Defendant failed to put systems in place to prevent the public from determining the identity of its customers. Instead, Defendant knowingly emailed 400 customers with each person's email address in plain view.

48. The foregoing conduct by Defendant, both in failing to institute reasonable safeguards to protect the anonymity of its members and in sending the February 16 Email identifying 400 members, breached Defendant's duty of care. Defendant's actions evidenced such a slight degree of care that they can only be described as grossly negligent.

49. Plaintiff and the putative class members have suffered general and special damages including but not limited to harm to their interest of privacy, mental distress in

the form of severe anxiety and fear for the security of their personal finances and personal information, and attorneys' fees and the costs of brining this suit. Those injuries were caused by Defendant's February 16, 2018 public announcement of Plaintiff and the putative class members.

## FOURTH CAUSE OF ACTION

### Breach of Contract

**(On Behalf of the National Class, or alternatively, the Arizona Putative Subclass)**

50. Plaintiff, individually, and on behalf of all others similarly situated, restates each and every paragraph of this Complaint as if fully rewritten herein.

51. Plaintiff and the putative class members entered into contracts with Defendant, whereby Defendant promised to provide a level of privacy of Plaintiff's and the putative class members' non-public information and promised not to disclose that information except as described in Defendant's privacy policy.

52. These contract terms were clear to the parties such that they understood their respective obligations under the contract.

53. Plaintiff and the putative class members performed their obligations under the contracts.

54. Defendant breached the contracts by disclosing to its customers the email addresses of Plaintiff and the putative class members, thereby failing to keep their non-public information private, in violation of Defendant's privacy policy.

55. Plaintiff and the putative class members have suffered general and special damages including but not limited to harm to their interest of privacy, mental distress in the form of severe anxiety and fear for the security of their personal finances and personal information, and attorneys' fees and the costs of brining this suit. Those injuries were caused by Defendant's February 16, 2018 public announcement of Plaintiff and the putative class members.

## FIFTH CAUSE OF ACTION

### Injunctive Relief

**(On Behalf of the National Class, or alternatively, the Arizona Putative Subclass)**

56. Plaintiff, individually, and on behalf of all others similarly situated, restates each and every paragraph of this Complaint as if fully rewritten herein.

57. Defendant has refused to act on grounds generally applicable to the injunctive relief sought by Plaintiffs and other members of the putative class and subclass, thereby making final injunctive relief appropriate.

58. Defendant's conduct as set forth herein, both in the past and through the present, has demonstrated a willful disregard for the privacy of its customers.

59. If Defendant is allowed to continue with these practices, customers including the Plaintiff and the putative class members will be irreparably harmed in that they do not have a plain, adequate, speedy or complete remedy at law to address all of the wrongs alleged in this Complaint, unless injunctive relief is granted to stop Defendant's improper conduct.

60.     Plaintiff and the putative class are therefore, entitled to an injunction requiring Defendant to develop a more secure system for safeguarding the privacy of its customers.

## PRAYER FOR RELIEF

WHEREFORE, the putative representative Plaintiff, on behalf of himself and the putative class members defined herein prays for judgment against Defendant as follows:

A.      For an order certifying this action and/or common issues raised herein as a "Class Action" under the appropriate provision of Federal Rule of Civil Procedure 23(a), 23(b) and 23(c); designating Class Representatives; and appointing the undersigned to serve as class counsel;

B.      For notice of class certification and of any relief to be disseminated to all Class Members and for such other further notices as this Court deems appropriate under Fed. R. Civ. P. 23(d)(2);

C.      For an order requiring complete and immediate disclosure of all studies, reports, analyses, data, compilations, and other similar information within the possession, custody, or control of Defendant concerning, relating to, or involving the protection of customer privacy;

D.      For an order barring Defendant from destroying or removing any computer or similar records which record evidence related to Vantage's customer records;

E.   For an order barring Defendant from attempting, on its own or through its agents, to induce any putative Class Members to sign any documents which in any way releases any of the claims of any Putative Class Members;

F.   For an award of compensatory damages in the amount to be determined for all injuries and damages described herein;

G.   For an award of statutory damages;

H.   For an award of punitive damages to the extent allowable by law, in an amount to be proven at trial;

I.   Awarding declaratory and injunctive relief as permitted by law or equity, including: enjoining Defendant from continuing the unlawful practices as set forth herein, and directing Defendant to identify, with Court supervision, victims of its conduct and pay them, restitution and disgorgement of all monies acquired by Defendant by means of any act or practice declared by the Court to be wrongful;

J.   Awarding attorneys' fees and costs; and

K.   Providing such other relief as may be just and proper.

DATED: March 6, 2018

TONDEVOLD LAW, PLC

/s/ Taylor W. Tondevold
TAYLOR W. TONDEVOLD
*Attorney for Plaintiff Nathan Dick,
individually and on behalf of himself and
all others similarly situated*

**DEMAND FOR JURY TRIAL**

Plaintiff, individually, and on behalf of all others similarly situated hereby demands a trial by jury.

DATED: March 6, 2018

TONDEVOLD LAW, PLC

/s/ Taylor W. Tondevold
TAYLOR W. TONDEVOLD
*Attorney for Plaintiff Nathan Dick,
individually and on behalf of himself and
all others similarly situated*